NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE ABBOTT,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>VERIZON COMMUNICATIONS,<br><br>　　　　　Defendant. | Civil Action No.:<br>11-0421 (PGS)<br><br>MEMORANDUM & ORDER |

SHERIDAN, U.S.D.J.

　　　　This case comes before the Court on defendant Verizon Communications' ("Verizon") motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry No. 8]. The Court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C.§ 1331, § 1343 (a)(3), and § 1367. For the reasons stated below, Verizon's motion to dismiss is granted without prejudice.

I

　　　　Plaintiff filed her complaint on January 20, 2011. In her complaint, Plaintiff alleges that she was employed by Verizon from January 2005 to July 2009 and that throughout her employment, she was forced to endure systematic, harassing behavior. Plaintiff further alleges that this harassing behavior culminated in her termination under false pretenses. According to Plaintiff, Verizon terminated Plaintiff for sending a pornographic email that exposed Plaintiff's supervisor's sexual preferences when Verizon knew or should of known that Plaintiff did not send such an email.

　　　　This alleged behavior, while arguably arising from a common nucleus of operative fact,

involved two distinct phases. The first phase began in April 2005, when Plaintiff was transferred from her original position as Fiber Optic Splicing Technician to the position of Services Technician. According to Plaintiff, during her employment as Services Technician, Plaintiff was routinely assigned poorly-stocked, unsanitary trucks and was denied a permanent truck assignment. Plaintiff further claims that on one occasion, the vehicle to which she was assigned contained a bottle of urine. Plaintiff suggests that these assignments were made in contravention of Verizon's seniority rules. Plaintiff also claims that in June 2005, after undergoing surgery for a tumor, Plaintiff was "informed that she had been fired" for missing two days of work. Plaintiff later returned to work, although the pleadings are unclear as to whether Plaintiff was misinformed or reinstated. According to Plaintiff, this pattern of harassing behavior ended in February 2006 when Plaintiff was transferred to an administrative position in Levittown, Pennsylvania.

  The second phase of harassing behavior allegedly began in December 2007 when Plaintiff was elected as Shop Steward for her Union. In her capacity as Shop Stewart, Plaintiff was actively involved in pursuing Equal Employment Opportunity Commission ("EEOC") grievances on behalf of Union members and filing lawsuits with the National Labor Board. As Shop Stewart, Plaintiff also initiated and organized a Labor Relations Stress meeting on behalf of all Verizon employees in her department. Additionally, from February 2008 to April 2009, Plaintiff utilized her Family Medical Leave Act ("FLMA") intermittent disability leave. Plaintiff alleges that as a result of her position as Shop Steward and her use of FLMA leave, Verizon subjected Plaintiff to various acts of harassment, including workplace hostility, disparate treatment, violations of the Health Insurance Portability and Accountability Act, increased surveillance, write-ups, suspensions, and, ultimately, an arbitrary discharge. In conjunction with these general charges, Plaintiff provides two specific

allegations: Plaintiff alleges that in February 2008 her job assignment was downgraded from the Help-Desk to receiving incoming queue calls, and in November 2008 Verizon ignored her written complaints.

In describing her alleged termination, Plaintiff provides substantially more detail. According to Plaintiff: On May 27, 2009 Verizon alleged that Plaintiff sent a pornographic email exposing Plaintiff's supervisor's sexual preference when Verizon knew or should have known that Plaintiff did not send the email.  That same day, Verizon suspended Plaintiff under false pretenses; subsequent to the suspension, Plaintiff's supervisor harassed Plaintiff via telephone while Plaintiff's supervisor was at work.  On July 2, 2009, Plaintiff was terminated under the same false pretenses as her suspension.

Plaintiff's complaint includes ten causes of action, including (1) work place harassment, (2) sex discrimination, (3) negligent retention, (4) intentional infliction of emotional distress, (5) disparate treatment and retaliation, (6) infringement of the freedom of speech, (7) defamation, (8) civil conspiracy, (9) violation of the covenant of good faith and faith dealing in the implied contract between Plaintiff and Defendant; and (10) violation of the New Jersey Law Against Discrimination ("NJ LAD").  On August 12, 2011, Verizon filed a motion to dismiss Plaintiff's complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  Verizon provides an array of reasons for dismissing Plaintiff's complaint, among them the argument that "the complaint offers nothing beyond mere conclusory assertions . . . ."  In response to this allegation, Plaintiff provided over ten pages of factual recitations in her opposition brief. Very few of these recitations are included in Plaintiff's complaint.

II

The Court reviews this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief may be granted. Rule 8 of the Federal Rules of Civil Procedure requires that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief; . . . ." Fed. R. Civ. P. 8 (a)(2). To evaluate the sufficiency of claims under the pleading requirements of Rule 8, a court is required to apply the plausibility standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Under this standard, a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Importantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949; *Twombly*, 550 U.S. at 555. Rather, the pleadings must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010).

III

Plaintiff's complaint must be dismissed under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) because Plaintiff has not sufficiently alleged that Verizon engaged in culpable conduct. With regard to the first phase of Plaintiff's allegations, Plaintiff alleges that she was routinely assigned to unsanitary, poorly-stocked trucks and that she was denied a permanent truck assignment.

4

Plaintiff also alleges that she was "informed that she had been fired" for missing two days of work. These allegations are incomplete. First, Plaintiff fails to make clear which cause of action these allegations relate to; Plaintiff includes one reference to "male counterparts," but there is no claim that Plaintiff was discriminated against because of her gender.[1] Second, Plaintiff's recitation of the facts are vague: Plaintiff fails to discuss the condition of the vehicles to which her male counterparts were assigned. Plaintiff does not allege that any employee received a permanent truck assignment. Plaintiff does not state whether she was actually fired or incorrectly informed that she was fired. Plaintiff does not identify who notified her or her firing. Assuming Plaintiff was fired, Plaintiff does not explain how or why she was reinstated. Third, Plaintiff fails to provide facts illustrating that the first and second phases of Plaintiff's allegations arise from a common nucleus of operative fact. Such assertions fail to meet the Rule 8 standard. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

With regard to the second phase of Verizon's alleged conduct, key allegations are absent. Plaintiff states that Verizon "downgrad[ed] her job assignment from the esteemed Help-Desk position to receiving incoming queue calls," without identifying the parameters of this demotion—for instance, whether there was a difference in pay or assignments. Plaintiff also states that "Verizon violated Plaintiff's right to protection from workplace violence, discrimination and retaliation by ignoring written complaints from Plaintiff," without identifying the substance of the complaints. With regard to Plaintiff's termination, it is unclear whether Plaintiff alleges that Verizon

---

[1] If Plaintiff is indeed proceeding under a theory of gender discrimination, such cause of action would likely be time-barred. *See* 42 U.S.C. § 2000e-5(e); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982).

fabricated an email exchange, sent an email to frame Plaintiff, or improperly blamed Plaintiff for a third party email. Outside of these assertions, Plaintiff's complaint includes only general references to workplace hostility, disparate treatment, etc., without identifying any precise conduct. Finally, several of Plaintiff's causes of action, in particular Plaintiff's religious discrimination claim, are entirely unsupported by Plaintiff's assertions. Such threadbare recitals cannot withstand a motion to dismiss. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009);*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Despite granting Verizon's motion to dismiss, the Court grants Plaintiff leave to amend her complaint. In Plaintiff's opposition brief, Plaintiff provides ten pages of factual assertions that should have been included in her original pleadings. Although Plaintiff did not move for a motion to amend her complaint, the Court is empowered to give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court finds that—since it is possible that the allegations included in Plaintiff's opposition brief or known by Plaintiff but absent from her complaint would, if incorporated, state a claim upon which relief may be granted—in the interests of justice, Plaintiff should be given leave to amend.

ORDER

This matter, having come before the Court on Verizon's motion to dismiss [Docket Entry No. 8], and this Court having considered the parties' submissions without oral argument; and for the reasons stated above,

IT IS on this 26th of March, 2012,

ORDERED that Verizon's motion for to dismiss is granted without prejudice; and

ORDERED that Plaintiff is granted thirty (30) days to amend her complaint so as to set forth a viable cause of action.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

March 26, 2012