**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE ABBOTT,<br><br>          Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS OF NEW JERSEY,<br><br><br>          Defendant. | Civil Action No. 11-cv-421 (PGS)<br><br>MEMORANDUM AND<br>ORDER |

SHERIDAN, U.S.D.J.

This matter is before the Court on a motion to dismiss  (ECF No. 35) the second amended complaint ( "Complaint") of Plaintiff, Denise Abbott.   On a previous motion, the Court dismissed the Complaint because it failed to provide a short and plain statement of a claim showing that Plaintiff is entitled to relief (Fed. R. Civ. P 8), and granted time to amend.  Plaintiff filed an amended Complaint, however, on a subsequent motion to dismiss, Plaintiff requested time to retain an attorney who may need additional time to amend the complaint.  The Court granted more time to amend the Complaint. As it turns out, Plaintiff did not retain counsel, but instead amended the Complaint herself, for a third time, and this motion to dismiss was filed by Defendant.   The Court held oral argument on this motion, and gave Plaintiff an opportunity to appear and argue her various causes of action.

1

I.

The Complaint is a long cumbersome document with facts alleged that do not directly correspond to the Plaintiff's stated causes of action.  Below, the content of the Complaint is discussed, followed by a discussion of various defenses which support dismissal.

On August 7, 2012, Plaintiff filed her Complaint.  The first four paragraphs of the Complaint set forth the parties.  They are Plaintiff,  Denise Abbott, a resident of Willingboro, New Jersey, and a former employee of Verizon New Jersey.  The Defendant is Verizon New Jersey, Inc., which is Plaintiff's employer,[1] and is organized as a corporation of the State of New Jersey.  In addition, Plaintiff names two fictional Defendants (John and Jane Doe) who are purported to be employees of Verizon New Jersey.

In paragraphs 5 - 8 of the Complaint, Plaintiff asserts jurisdiction on various grounds including the following:

> 7.  The jurisdiction of this forum is predicated upon violation of the Plaintiff's Civil and Constitution Rights pursuant to 42 U.S.C. § 1981, § 1983 and 28 U.S.C. § 1331, § 1343(a)(3) and § 1367 with continuing conspiracy to violate Civil Rights, Due Process, Negligence, Infliction of Emotional Distress, Pain and Suffering, and Defamation pursuant to the American's with Disabilities Act, 42 U.S.C. § 12101 et seq. (the ADA), et seq., New Jersey Law Against Discrimination N.J.S.A. 10:5-1 to 49 et seq.; N.J.S.A. 10:6-2; Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C.  § 2601 to 2654; the First, Ninth and Fourteenth Amendments to the U.S. Constitution, and retaliation based on the employee's exercise of certain established rights, violating a clear mandate of public policy, legislation; administrative rules, regulations or decisions; and judicial decisions.

---

[1]     There is no allegation that Verizon New Jersey is a state actor.

In addition, Plaintiff alleges that the Court should exercise supplemental jurisdiction over her state law claim, an action the Court has declined[2].

In the next section of the Complaint entitled "Nature of the Case", Plaintiff does not set forth any facts, but indicates that she was subjected to workplace discrimination, sexual harassment and bullying.  Within this section, Plaintiff alleges that her position as shop steward placed her "in active opposition to Defendant's frequent rights violations against other union members . . ." Plaintiff further alleges "that each of [her] attempts to resolve any issues within the company via their EEO Department or grievance process were systemically ignored."  (Complaint, ¶ 10).  The crux of this paragraph appears to be that any poor treatment of Plaintiff arose out of her position as shop steward, as opposed to a protected characteristic.

The Complaint then sets forth the facts. The facts concern two employers, Verizon New Jersey and Verizon of Pennsylvania.  From Plaintiff's allegations about Verizon New Jersey and Verizon of Pennsylvania, it appears that these businesses are separate corporations.

Plaintiff's employment with Verizon of Pennsylvania is described in Paragraphs 12 - 19 wherein Plaintiff  "was hired in the capacity of fiber optic splicing technician by Verizon of Pennsylvania", and that she was aggrieved by not being assigned a permanent truck to operate while being employed at the West Chester, Pennsylvania facility.  As noted above, Plaintiff's Complaint names Verizon New Jersey as a Defendant, not Verizon Pennsylvania.

According to paragraph 20, while her employment with Verizon New Jersey was ongoing, Plaintiff received a "promotion to the position of a Fiber Network Technician" in Freehold, New

---

[2]        For the Court's rationale, see supra p. 11.

Jersey in August, 2004.  Subsequently, in December 2004, she became a union shop steward. Immediately thereafter, on January 8, 2005, she was transferred from her position on the help desk, to a less desirable job that involves "craft calls."  According to Plaintiff, craft call employees are subject to more intense surveillance.  Such oversight led to queries "about her whereabouts, call handling time, and constant call monitoring," as well as concerns about her tardiness.  In paragraph 22, Plaintiff acknowledges that she "was placed in a situation (craft calls) where her surveillance could be increased because of her union activities and her objections to violations against persons on disability (Family Medical Leave Act or "FMLA") including herself."  Although Plaintiff alleges assorted causes of action, the Complaint focuses on harassment due to union activities.

In paragraph 24, Plaintiff sets forth 45 to 50 "grievances facilitated by Plaintiff" wherein each grievance resulted in "retaliatory actions by Defendant."   Notably, this paragraph and its subparts focus on Plaintiff's role as shop steward, as opposed to any protected characteristic.

Paragraphs 25 and 26 of the Complaint are linked and concern Plaintiff's union activities. In paragraph 25, Plaintiff alleges a violation of the Conscientious Employee Protection Act ("CEPA") and "Pierce Laws." Without any specific facts alleged, Plaintiff asserts that she has a cause of action because she was "filing anti-discrimination law grievances, participating in anti-discrimination based investigations."  In paragraph 26, Plaintiff acknowledges that she was subject to "abusive hostile acts in retaliation against Plaintiff for filing National Labor Board suits and initiating/organizing a labor relations stress meeting in violation of her rights under CEPA and Pierce laws."

In paragraphs 27 and 32, Plaintiff alleges defamation from "April 27, 2009 to current date" because Defendant "bars plaintiff from regaining . . . gainful employment by means of private contracts . . ."  There are no factual allegations asserted.

In paragraphs 29 - 31, Plaintiff asserts that her termination from employment was wrongful. According to Plaintiff, she was dismissed because she "exposed the sexual preference of her supervisor to the workplace . . .  and [her] supervisors knew of his participating in an alternative lifestyle pornographic social network."  Evidently, Defendant claimed that Plaintiff used company equipment to send offensive documents which required her termination.  Plaintiff alleges that her termination caused violations of CEPA, Americans with Disabilities Act ("ADA") and NJLAD.

Beginning at paragraph 34, there are ten causes of action set forth based upon the facts above. They are summarized below.

Count One purports to assert a claim of "harassment" under Title VII of the Civil Rights Act of 1964 ("Title VII").  Count Two asserts a claim of gender discrimination under Title VII. (Complaint, ¶ 45). Count Three asserts a claim of negligent retention in connection with Verizon's employment of Plaintiff's supervisor, Tishaun Ophelia. (See Complaint, ¶ 47). Count Four asserts a common law claim of intentional infliction of emotional distress. (See Complaint, ¶¶ 49-55). Count Five alleges claims of disparate treatment and retaliation under Title VII for Plaintiff's purported involvement in "pursuing grievances on behalf of union members protected by E.E.O.C. (sic)." (See Complaint, ¶¶ 57-59). Count Six alleges that Verizon New Jersey infringed upon Plaintiff's "freedom of speech" in violation of the First and Fourteenth Amendments of the United States Constitution. (See Complaint ¶ 61).  Count Seven alleges that Verizon New Jersey defamed

Plaintiff (See Complaint ¶¶ 63-66). Count Eight asserts a common law claim of "civil conspiracy" of a whistleblower to retaliate against Plaintiff. (See Complaint, ¶¶ 68-72). Count Nine alleges that Verizon violated the covenant of good faith and fair dealing, apparently arising from the Defendant's employment manual. (See Complaint, ¶¶ 74-76).  Finally, Count Ten alleges that Verizon New Jersey retaliated against Plaintiff for her use of leave under the FMLA in violation of NJLAD[3]. (Complaint ¶¶ 78-80). Count Ten was not included in Plaintiff's first two complaints.

In paragraphs 81 - 84, Plaintiff alleges her  "injuries," which include a loss of overtime pay, punitive damages, loss of reputation, severe stress, depression, and mental anguish.

Paragraphs 85 - 89 make up a  a section entitled  "previous lawsuits and administrative relief". Within this section, Plaintiff alleges that "there are currently two open cases filed [by Plaintiff] with the National Labor Relations Board" (NLRB) which are subject to arbitration proceedings".  Further, Plaintiff attempts to distinguish this lawsuit here from the NLRB matter.  In paragraph 89, she writes:

> The ten causes of action herein revolve around a time line of events that led up to the termination of the Plaintiff's employment however, the previous administrative remedies sought relate, primarily, to the violation of the union contract and not the emotional distress and angst suffered by the Defendant . . .  alleged herein.

In the final section of the Complaint captioned "conclusion" (See Complaint, ¶¶ 79-84), Plaintiff alleges Defendant [made] "off color" comments referring to her as "busy as ever" and "like a dog who would not let go of a bone" and "she would pollute the workplace even more."  There is

---

[3]     The complaint also has a section called "prayer for relief"  which is not discussed because there must be valid causes of action found before relief is considered.

no context given to the comments.  The Court can not determine when or by whom these comments were made.

## II.

As previously noted, Ms. Abbott has had sufficient opportunity to amend her pleadings, and her Complaint as amended still fails to set forth a clear and plain statement of her cause action. Because the Complaint is disjointed, the Court limits its analysis to the ten causes of action to determine if any of the counts should be dismissed.  For the reasons set forth below, the Court finds that all counts should be dismissed for various reasons.

<u>Counts 1 - 10</u>

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  See *Phillips v. County of Allegheny*, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  Id. at 1965 n.3. . . .  "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct."

7

Id. at 230-34 (original brackets removed).  See *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Generally,

Plaintiff's Complaint alleges harassment primarily due to her position as union shop steward.  For

example, the Complaint as amended does not allege violations of any gender, age, race or significant

health related discrimination; but instead refers to about 50 union grievance matters wherein Plaintiff

alleges that she was retaliated against for participating in those union matters.  As such, any recourse

to which Plaintiff may be entitled, if any, is pursuant to any labor/management agreement between

Verizon and its employee union.  Claims premised on unfair labor practices must be brought before

the NLRB if the claims are "arguably subject" to section 8 of the NLRA. *See San Diego Bldg. Trades

Council v. Garmon*, 359 U.S. 236, 244-45, 3 L. Ed. 2d 775, 79 S. Ct. 773 (1959).  If the claims are

brought in state or federal court, then they are pre-empted. *Id.* at 244-45; *see also Gul v. Pamrapo

Sav. Bank*, 64 F. Supp. 2d 370, 372-373 (D.N.J. 1999).   According to Plaintiff in the section

captioned "previous lawsuits and administrative relief", she brought two administrative actions

before the NLRB, and that is her most appropriate legal remedy. "  This fact alone is sufficient to

dismiss the complaint because it is clear that her various causes of action fail to allege a Complaint

where a protected characteristic has been violated. Fed. R. Civ. P. 8.  In addition to this finding, each

cause of action is discussed below.

<u>First Cause of Action</u>

The first cause of action (Complaint, ¶¶ 34-43) alleges a violation of Title VII of the Civil

Rights Act.  Although "plaintiff incorporates" all of her facts, nowhere in the first count does she

identify the protected activity upon which the workplace harassment is alleged.  Title VII does not

set forth a general civility code for the American workplace, and does not shield employees from

personality conflicts at work that generate antipathy or snubbing by supervisors and coworkers. Civil Rights Act of 1964, § 717(a), 42 U.S.C.A. § 2000e-16(a);  *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2415 (2006). The plaintiff must show the frequency of the discriminatory conduct (regarding race, sex, age, mistreatment) and its severity.  See, *Clark County School Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001).  Here there are no specific facts to support a discrimination claim. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986). There are several remarks that were "made by Defendant" enumerated in the conclusion of Plaintiff's Complaint which Plaintiff labels as "off color comments."  Upon review of same, the alleged comments are insufficient to support a cause of action because the identity of the speaker is unknown, and the frequency of these statements is not addressed. Moreover, they do not infer any particular discriminatory activity.  In addition, if one reads the Complaint as a whole, it is likely that the comments were associated with her work as a shop steward rather than a protected characteristic.

<u>Second Cause of Action</u>

The Second Cause of Action, gender discrimination (Complaint ¶¶ 44-45) alleges that Plaintiff was discriminated against "because of her sex" in violation of 42 U.S.C. § 2000(e). As noted above, there are no specific facts in the Complaint that support an allegation of gender discrimination. Further, there is no disparate treatment between her and the male workers alleged in the facts.  Similar to the first cause of action, Plaintiff's statements do not set forth any plausible or adequate basis for alleging gender discrimination. Discrimination claims brought under Title VII and NJLAD must be analyzed according to the burden-shifting framework which was set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (later clarified in *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981), and *St. Mary's Honor Ctr. v. Hicks*,

509 U.S. 502 (1993); *see also Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999)).

The framework consists of three steps.  First, a plaintiff must present sufficient evidence to support a prima facie case of discrimination. *Hicks*, 509 U.S. at 506.  To establish such a prima facie case, the plaintiff must show that (1) she is a member of a protected class; (2) she is qualified for the position in question; (3) she suffered from an adverse employment decision; and (4) the employer filled the position with a similarly qualified person who was not a member of the protected class. *McDonnell Douglas*, 411 U.S. at 802.  Once the plaintiff establishes a prima facie case, the burden of proof then shifts to the defendant, who must articulate a legitimate, nondiscriminatory reason for its actions.  *Hicks*, 509 U.S. at 507; *Burdine*, 450 U.S. at 254; *McDonnell Douglas*, 411 U.S. at 802. If the defendant satisfies this burden, the reviewing court must proceed to the third step.  At this stage, the burden of production shifts back to the plaintiff who must come forward with admissible evidence showing that the defendants' articulated, nondiscriminatory reasons were not the true reasons for the adverse action, but merely a "pretext for discrimination." *Hicks*, 509 U.S. at 507-08; *Burdine*, 450 U.S. at 253.

Here, a Plaintiff has not set forth any male comparator who was given her job after her termination as required in part one of the *McDonald* test.  Moreover, the Complaint alleges mistreatment due to her union activities as opposed to gender discrimination. Although the evidentiary burdens shift between the Plaintiff and the Defendants, the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the Plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253. Here the burden is not met.

10

The Third (negligence), Fourth (emotional distress), Seventh (defamation), Eighth (civil conspiracy), Ninth (breach of covenant of good faith and fair dealing) Causes of Action

The above causes of action are dismissed because the Court declines supplemental jurisdiction over state law claims. Exercising supplemental jurisdiction over state law claims must be pursuant to 28 U.S.C. §1367.  That statute states, in relevant part, that this Court may decline jurisdiction if we have "dismissed all claims over which [we have] original jurisdiction." 28 U.S.C. §137(c)(3); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1508 (3d Cir. 1996).  Supplemental jurisdiction over solely state law claims (often called "pendent claim jurisdiction") should be considered using principles of convenience, comity, fairness, and judicial economy.  *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 346 (1988); *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1214-15 (3d Cir. 1991).  Usually, in cases where all federal-law claims are eliminated before trial, such principles will point toward declining to exercise jurisdiction over the remaining state-law claims.  *Cohill* 484 U.S. at 350 n.7 (discussing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)).  Here, the Court declines supplemental jurisdiction, as all federal claims are being dismissed.

Fifth Cause of Action

The fifth cause of action alleges disparate treatment and retaliation in violation of Title VII. 42 U.S.C. § 2000e. There are no facts in the Complaint that allege disparate treatment.  Plaintiff does not compare her treatment to that of another employee who is not within a protected class (see second cause of action above).  Moreover, the claim emanates from her shop steward position rather than a protected class.  Plaintiff alleges that she suffered "retaliation on the basis of pursuing grievances on behalf of union members protected by EEOC."  As noted above, the shop steward

11

position is the cause of her complaints, and as Plaintiff averred, her complaints are being evaluated by the NLRB.

Sixth Cause of Action

The sixth cause of action alleges a violation of her freedom of speech when "representing the Civil Rights interest of the union employees" pursuant to the First and Fourteenth amendments. Although the cause of action does not refer to a statutory basis, it is most likely referring to § 1983, as that section is alleged in the jurisdiction section. The problem with Plaintiff's sixth cause of action is that Verizon of New Jersey is a corporation, and is not a state actor as required by the statute. Plaintiff must establish that a person acting under color of law deprived her of a right. Under §1983 "every person who, under color of any statute . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." As noted, Verizon is not a state actor and is not subject to this civil rights statute. 42. U.S.C § 1983. The state action requirement assures "that constitutional standards are invoked 'when it can be said that the State is responsible for the specific conduct of which the plaintiff complain.'" *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.* 531 U.S. 288, 121 S. Ct. 924, 930 (2001). Here there is no state action shown. This count is dismissed.

Seventh Cause of Action.

The seventh cause of action alleges that Verizon New Jersey made statements defamatory statements about Plaintiff. More specifically, it states "plaintiff . . . and utilized [those statements] as a basis of termination of plaintiff were made in bad faith and known to be fake." (Complaint ¶

63). Although the Court has declined jurisdiction, this claim also appears to be barred by the statute of limitations. Libel/slander has a one year statute of limitations. N.J.S.A. §2A:14-3. Here Plaintiff alleged the first defamatory remarks occurred on April 27, 2009 (Complaint ¶¶ 27-32) and the suit was initiated on January 20, 2011. It appears to be late.

Eighth Cause of Action

The eighth cause of action is captioned civil conspiracy against whistle blowers. Although the court declined jurisdiction, this count has additional fatal flaws.  Within this cause of action, it is alleged that "Defendants" (Adamson, Ophelia, Martinez, Clarke, Hogan and Sgramolo) "acting in their own interest to silence the Plaintiff  . . .  conspired to commit the unlawful acts alleged above."  These Defendants are not named in the parties section (Complaint, ¶¶ 1-4).  From a review of the docket sheet in this case, none of the Defendants above were served with a copy of the Complaint within the time prescribed in the Federal Rule Civil Procedure 4(m) (plaintiff must effect proper service on Defendant within 120 days of filing the complaint). In addition, this claim is captioned as a civil conspiracy against a whistle blower. The substance of the claim (Complaint, ¶¶ 67-72) does not mention any elements or facts to support a cause of action for an aggrieved whistle blower.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

Ninth Cause of Action

The ninth cause of action alleges a violation of the covenant of good faith and fair dealing because Plaintiff "believed" that she "could not be discharged without good cause" based on the elements [set forth] in the employment handbook of Defendant." Although the Court declined jurisdiction, the allegations appear to involve a contract dispute concerning terms of employment

13

which should ordinarily be resolved through the grievance procedures in the collective bargaining

procedure which was undertaken by Plaintiff.

Tenth Cause of Action

The tenth cause of action alleges a violation of NJLAD and FMLA. This claim was not

presented in Plaintiff's first two complaints. The claim does not make sense. The substance of the

claim is briefly presented in paragraphs 78 and 79 of the Complaint. They read:

> In addition to other actions by the Defendant(s); The Defendant
> sought retaliation against the Plaintiff for being out on a five month
> FMLA leave (from November 2008 to April 2009) by attempting to
> terminate the Plaintiff for time sheet fraud within one week of her
> return to work from the five month leave. The Defendant, (Tishaun
> Ophelia) knew or should have known that the allegations against the
> Plaintiff were false and without merit thereby performing the
> interrogation with the intent to harass and retaliate against the
> Plaintiff for having such a long "FMLA vacation" as the Defendant(s)
> would term it.
>
> By and through this course of conduct as alleged above, Defendant
> and its agents willfully violated the FMLA by terminating her
> employment under the guise of an inappropriate e-mail.

Despite the 77 paragraphs before this count, Plaintiff never mentioned "time sheet fraud" as

alleged herein, and Plaintiff's original allegations were that she was terminated as a result of her use

of her employer's property to "expose the sexual preferences of her supervisors to the workplace."

The allegations in Plaintiff's tenth cause of action are far different from those found in the rest of

the Complaint. Moreover, a FMLA case must be instituted within no "later than 2 years after the date

of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. §

2617(c)(1).  However, for a willful violation of the Act, the action must be commenced "within 3

14

years of the date of the last event constituting the alleged violation for which such action is brought."

29 U.S.C. § 2617(c)(2).  *Porter v. New York University School of Law,* C.A.2 (N.Y.) 2004, 392 F.3d

530, 532 (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 100

L.Ed.2d 115 (1988)).  Since Plaintiff was discharged on or around July 2, 2009, and the amended

complaint alleging FMLA claims was filed on August 7, 2012, more than three years have elapsed

since the last allegedly discriminatory event (Plaintiff's discharge). Further, Plaintiff has not asserted

any facts or evidence that would allow the Court to conclude that the Defendant acted in a "willful"

manner.  As such, Plaintiff's FMLA claim is time-barred under both the two and three year limitation

and the FMLA claim is dismissed.   As noted above, the NJLAD portion of this count is dismissed

because the Court declined supplemental jurisdiction.

ORDER

IT IS on this 14th day of February, 2013

ORDERED that the motion to dismiss is granted.  All federal claims are dismissed with

prejudice, and all state law claims are dismissed without prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

15